Hawkins, J.,
delivered the opinion of the Court.
This is an action of replevin, instituted in the Circuit Court of Davidson County, by the plaintiff in error, against the defendant in error, to recover the possession of the following articles of property, to-wit: “Two parlor tables, one safe, one looking glass, three veni-tian window blinds, one dressing bureau, two large glass shades, six sofa-bottomed chairs, two large bedsteads and bedding, one pair brass and-irons, two large silver and •one half dozen small spoons,” all of which, as appears from the bond, was valued by the Clerk at one hundred and ninety dollars. The writ was issued on the '29th day of July, 1862; and it appears, from the in-dorsement of the Deputy Sheriff thereon, that he had “delivered the within described property to the plaintiff, except the beds and bedsteads, and-irons, and venitian blinds.” A declaration was filed, to which the defendant filed a plea of “not guilty,” at the September Term, 1864, of said Court. The plaintiff took a voluntary non-suit, and at the same term, he moved the Court to set aside the same, which the Court refused to do.
Immediately after the plaintiff had taken the non-suit, the Court proceeded to pronounce judgment— “that the defendant recover of the plaintiff, and B. F. Bates, his security in the bond given for writs of re- *261 plevin in this canse, the return of the household furniture mentioned in the pleadings, or her damages for the seizure and detention of the same.” And thereupon, as appears from the record, came a jury, “to try the question of damages upon the issues joined,” who were elected, “tried, and sworn the truth to speak upon the issues joined,” and who, hy their verdict, said, “they find the issues in favor of the defendant, and assess her damages for the detention of the household furniture in the pleadings mentioned, to two hundred and fourteen dollars and seven cents.” And, thereupon, the Court proceeded to pronounce another judgment, “that the defendant recover of the plaintiff, and his security in the replevin bond, her damages so hy the jury in form aforesaid, assessed, together with her costs in this behalf expended, for which execution may issue.”
On the trial before the jury, defendant introduced witnesses; touching the value of the property. One of ¡them said, “he had never seen the property in controversy; but the value of new furniture, to-wit: bedsteads and bureau, etc., were worth from ten to fifteen dollars, .according to quality.” The other witness was the Clerk óf the Court, who stated that it was his habit to take a statement from the party giving the bond, when he took the bond in relation to the value of the property, describing the property. He has no recollection of this particular case, but thinks it probable that this course Was pursued, in arriving at data to take the bond. He also stated he had never seen the property. The defendant then read the replevin bond, to which the plaintiff objected, and from which, it appears, the Clerk *262 valued all tbe property sued for at one hundred and ninety dollars; and this was all the evidence in the cause. The plaintiff moved to set aside the judgment, also for a new trial, which were overruled; and he has appealed to this Court.
It is now insisted, the Circuit Court erred in refusing to set aside the non-suit; and, we confess the reasons disclosed in the affidavit upon which the application was based, seem to have been amply sufficient. But this is a matter resting purely within the discretion of the Circuit Judge; and it has been long since settled, that an appeal in error will not lie from the judgment of a Circuit Court, refusing to set aside a voluntary non-suit: 2 Hum., 315; 6 Ter., 319, and authorities there cited.
It is insisted, in the next place, and, we think, eor-.rectly, that the proof does not sustain the verdict. Sec. 3390 of the Code, provides, that, in actions of re-plevin, “if the issue is found for the defendant, or the plaintiff dismisses or fails to prosecute his suit, the judgment shall be, that the goods be returned to the defendant, or, on failure, that the defendant recover their value, with interest thereon, and damages for the detention. The value of the property, and the damages to be assessed by the jury trying the cause, or, when the plaintiff fails to prosecute, by a jury empan-neled for the purpose.” The jury, by their verdict, assess the defendant’s damages, for the detention of the property, at $214.07, when there is not one syllable of evidence showing the amount of damages sustained by such detention. There is some proof upon the question *263 of value; but especially where it is remembered that several articles, perhaps the most valuable, were never delivered to the plaintiffs, or taken out of the possession of the defendant, the proof is too uncertain and indefinite to furnish even a data, by which the value of the property replevied, can be arrived at; therefore, the verdict cannot be sustained, in either aspect. Under the provisions of the Code before referred to, the value of the property, and damages for the detention thereof, constitute separate and independent items, and the jury has no power to amalgamate them, but must return them separate, in order that the plaintiff may not be confounded by the uncertainty, but may distinctly know what damages are given against him for the seizure, and what he has to pay, provided he returns the property, and in order that it may be seen whether the damages are excessive, or not: 10 Hum., 378.
It is also insisted, and, we think, correctly, that the verdict is erroneous, in failing to assess the particular value of each separate article of property replevied,' with interest thereon. If the property replevied, be separate and distinct articles, having no identity of character, the value ought to be assessed for each distinct and separate article, because one of the articles may be returned without the other. The plaintiff should have it in his power to relieve himself, by delivering such articles as may be under his control, and by paying for such as he may be unable to deliver. This he cannot do, unless a distinct and separate valuation be attached to each: 10 Hum., 171.
The Circuit Court may pronounce judgment in favor *264 of the defendant, and award execution thereon for the damages assessed by the jury for the detention of the property, but the Court has no power to award execution unconditionally, for the value of the property re-plevied, hut the judgment should be, that the goods •be restored to the defendant, or, on failure of the plaintiff to restore them, that the defendant recover the' assessed value thereof, with interest, and thereupon award execution.
The Code provides, in cases like this, that the jury shall be empanneled for the purpose of ascertaining the value of the property, with interest thereon, and the damages for the detention thereof; but in this case, it appears, that after the plaintiff had entered a non-suit, the jury was empanneled “to try the question of damages upon the. issues joined,” and by their verdict, they say “they find the issues in favor of the defendant.”
Without reference to other grounds of error relied upon in argument, we think the Circuit Court erred, in refusing to set aside the judgment founded upon the verdict of the jury, and in refusing a new trial; therefore, the judgment will be reversed, and the cause remanded.